UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVIS NGUYEN,<br><br>        Petitioner,<br><br>    v.<br><br>JEFF MACOMBER,<br><br>        Respondent. | No.  2:15-cv-0735 TLN KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

      Petitioner is a state prisoner, proceeding without counsel and in forma pauperis.  Petitioner filed an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss the habeas petition as barred by the statute of limitations.  For the reasons set forth below, respondent's motion should be granted.

II. Legal Standards

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Id.  The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991).  Accordingly, the court will review respondent's motion to dismiss pursuant to its

authority under Rule 4.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered. Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012). However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing." Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)). Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there

is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214. In Carey, the United States Supreme Court held that the limitation period is statutorily tolled during one complete round of state post-conviction review, as long as such review is sought within the state's time frame for seeking such review. Id., 536 U.S. at 220, 222-23. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On May 4, 2009, petitioner was convicted of attempted murder and being a convicted felon in possession of a firearm. (Respondent's Lodged Document ("LD") 1.) The jury also found true the allegation that petitioner personally discharged a firearm causing great bodily injury during the commission of the attempted murder.[1] (ECF No. 16 at 10.)

2. On June 19, 2009, petitioner was sentenced to an indeterminate state prison term of twenty-five years to life plus nine years and eight months. (LD 1-2.)

3. Petitioner filed an appeal, and on August 5, 2010, the California Court of Appeal, Third Appellate District, affirmed the conviction. (LD 2.)

---

[1] By amended information, petitioner received notice of the alleged firearm use enhancement pursuant to California Penal Code § 12022.53:

> It is further alleged, pursuant to subdivisions (b), (c) and (d) of Penal Code Section 12022.53, that in the commission and attempted commission of the above offense(s), [petitioner] used, and intentionally and personally discharged a firearm, to wit, a .40 caliber semi-automatic firearm, and thereby proximately caused great bodily injury or death to THAI DAO, who was not an accomplice of [petitioner], within the meaning of Penal Code Section 12022.53(d).

(ECF No. 16 at 5.)

4. Petitioner filed a petition for review in the California Supreme Court, and on November 17, 2010, the petition was denied without comment. (LD 3-4.)

5. On September 14, 2013,[2] petitioner filed his first petition for writ of habeas corpus in the Sacramento County Superior Court. (LD 5.) On November 20, 2013, the Sacramento County Superior Court denied the petition in a reasoned decision. (LD 6.)

6. On December 23, 2013, petitioner filed a second petition for writ of habeas corpus in the Sacramento County Superior Court. (LD 7.) On February 19, 2014, the Sacramento County Superior Court denied the petition as successive, citing In re Clark, 5 Cal.4th 750, 774 (1993). (LD 8.)

7. On May 16, 2014, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. (LD 9.) On May 22, 2014, the Court of Appeal denied the petition without comment. (LD 10.)

8. On November 10, 2014, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 11.) On January 21, 2015, the California Supreme Court denied the petition, citing see In re Robbins, 18 Cal.4th 770, 780 (1998).[3] (LD 12.)

9. On September 1, 2011, petitioner filed a petition for writ of habeas corpus in this court, Nguyen v. Virga, Case No. 2:11-cv-2404 TLN KJN (E.D. Cal.). (LD 13.) On August 27, 2013, the petition was dismissed without prejudice based on petitioner's request to voluntarily dismiss the action. (LD 14-15.)

10. On March 30, 2015, petitioner filed the instant federal petition. (ECF No. 1.) See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

////

////

---

[2] All of petitioner's state court filings were given benefit of the mailbox rule. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

[3] The citation to In re Robbins indicates that the court denied the habeas petition as untimely. See Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007).

4

1    11. Respondent filed the motion to dismiss on July 15, 2015. (ECF No. 13), and
2  petitioner filed an opposition (ECF No. 15) on August 10, 2015. On August 24, 2015, respondent
3  filed a reply. (ECF No. 16.)

IV. Statutory Tolling

The California Supreme Court denied the petition for review on November 17, 2010. Petitioner's conviction became final ninety days later, on February 15, 2011, when the time for seeking certiorari with the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on February 16, 2011. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, petitioner's last day to file his federal petition was on February 16, 2012.

Petitioner filed his first state court petition on September 14, 2013, over one and a half years after the limitations period expired. Thus, his first and subsequent state petitions were not "properly filed" so as to toll the running of the limitations period. Moreover, a state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2). See Ferguson, 321 F.3d at 823; Jiminez, 276 F.3d at 482 (state habeas petition filed after the statute of limitations ended "resulted in an absolute time bar").

Similarly, petitioner's prior federal habeas petition cannot revive or toll the limitations period. Duncan v. Walker, 533 U.S. 167, 181 (2001) (federal petition for writ of habeas corpus is not an "application for state post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2), and thus, does not toll the statute of limitations.)

Accordingly, petitioner is not entitled to statutory tolling.

V. Actual Innocence

In his opposition to the motion, petitioner concedes his untimely filing, but contends that he is actually innocent of the firearm allegation, and his untimeliness should be excused. (ECF No. 15 at 5.) Petitioner argues that the evidence of his innocence is so strong that the court should allow him to pass through the Schlup gateway. Petitioner contends that under California Penal Code § 12022.53, subdivision (d), the jury was required to find that petitioner both "personally" and "intentionally" discharged the firearm. However, because the jury verdict form

1   did not include the word "intentionally," petitioner argues that the jury only found that petitioner
2   "personally" discharged it. Because the jury verdict form did not state that the jury found he
3   intentionally discharged the firearm, petitioner contends that the verdict form is insufficient to
4   demonstrate that the jury found him guilty of both elements of § 12022.53(d), and this court must
5   view the verdict as an acquittal of the firearm allegation.

6   Respondent counters that the jury was properly instructed as to each element of the gun
7   use enhancement, including the *mens rea* requirement of intentionality, and that the verdict form
8   is simply to have the jury record its decision on each charge or enhancement. (ECF No. 16 at 2.)
9   Moreover, respondent argues that petitioner must demonstrate factual innocence of the gun use
10  enhancement, not a mere technicality involving the absence of a word from the verdict form.

11  The "actual innocence" exception applies to the AEDPA's statute of limitations. See
12  McQuiggin v. Perkins, 133 S. Ct. 1924 (2013); Lee v. Lampert, 653 F.3d 929, 934 (9th Cir. 2011)
13  (en banc). "[A] credible claim of actual innocence constitutes an equitable exception to
14  AEDPA's limitations period, and a petitioner who makes such a showing may pass through the
15  Schlup gateway and have his otherwise time-barred claims heard on the merits." Lee, 653 F.3d at
16  932. Under Schlup v. Delo, 513 U.S. 298 (1995), a petitioner must produce sufficient proof of his
17  actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental
18  miscarriage of justice.'" 513 U.S. at 314-15 (quoting McCleskey v. Zant, 499 U.S. 467 (1991)).
19  Evidence of innocence must be "so strong that a court cannot have confidence in the outcome of
20  the trial unless the court is also satisfied that the trial was free of nonharmless constitutional
21  error." Schlup, 513 U.S. at 316. To pass through the Schlup gateway, a "petitioner must show
22  that it is more likely than not that no reasonable juror would have convicted him in light of the
23  new evidence. . . ." Id. at 327.

24  Actual innocence in this context "means factual innocence, not mere legal insufficiency."
25  Bousley v. United States, 523 U.S. 614, 623-24 (1998); Jaramillo v. Stewart, 340 F.3d 877, 882-
26  83 (9th Cir. 2003) (accord). To make a credible claim of actual innocence, petitioner must
27  produce "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy
28  eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup, 513

1  U.S. at 324. The habeas court then considers all the evidence: old and new, incriminating and
2  exculpatory, admissible at trial or not. House v. Bell, 547 U.S. 518, 538 (2006). On this
3  complete record, the court makes a "'probabilistic determination about what reasonable, properly
4  instructed jurors would do.'" Id. (quoting Schlup, 513 U.S. at 329). "The court's function is not
5  to make an independent factual determination about what likely occurred, but rather to assess the
6  likely impact of the evidence on reasonable jurors. Id. (citing Schlup, 513 U.S. at 329.)

7      Here, petitioner's claim that he is actually innocent of the firearm use allegation is not
8  based on any "new reliable evidence" that was not presented at trial. Rather, petitioner's claim is
9  based on his reading of the verdict form. As argued by respondent, petitioner must demonstrate
10 that he is factually innocent of the crime; in other words, he must provide new reliable evidence
11 that petitioner did not personally and intentionally discharge the firearm. Petitioner presented no
12 such evidence. Moreover, the record reflects that the jury was properly instructed that in order to
13 find petitioner guilty of the firearm use allegation, the prosecution must prove that petitioner
14 personally discharged a firearm during the commission of the crime; intended to discharge the
15 firearm; and caused great bodily injury to a person. (ECF No. 16 at 8.) Although the word
16 "intentionally" is omitted from the verdict form, the verdict form properly references Penal Code
17 Section 12022.53(d). When considered with the instructions given the jury, the verdict form is
18 not lacking. The jury found petitioner guilty of attempted murder, and clearly marked "True" as
19 to the firearm allegation. (ECF No. 16 at 10.) The jury could not have been misled or confused
20 by the verdict form when considered in conjunction with the jury instructions provided. Finally,
21 petitioner cites to no Supreme Court authority requiring that the jury verdict form include all
22 elements of a charge or enhancement.

23     Because petitioner failed to present "new reliable evidence" to demonstrate a credible
24 claim of actual innocence, he is not entitled to pass through the Schlup gateway.

25 VI. Equitable Tolling

26     Equitable tolling is available to toll the one-year statute of limitations available to 28
27 U.S.C. § 2254 habeas corpus cases. Holland v. Florida, 560 U.S. 631, 645 (2010). A litigant
28 seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently; and

(2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Here, petitioner does not allege that he is entitled to equitable tolling. Petitioner makes no effort to explain his delay in pursuing habeas relief in state court, or in pursuing his claims in federal court. In addition, although petitioner's first federal petition was timely filed on September 1, 2011, petitioner chose to voluntarily dismiss the fully-exhausted petition, despite the court's warning that any subsequently-filed petition would likely be subject to dismissal in its entirety as time-barred. Nguyen v. Virga, Case No. 2:11-cv-2404 TLN KJN (E.D. Cal. July 24, 2013) (ECF No. 22 at 2.)

Thus, petitioner has failed to show that he exercised diligence in pursuing his rights during the limitations period. See Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007) ("A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence."). On this record, the undersigned cannot find that petitioner is entitled to equitable tolling.

VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 13) be granted;

2. This action be dismissed.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 3, 2015

/nguy0735.mtd.sol.hc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE